Opinion issued July 14, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01154-CR

———————————

Raymond John Daniels, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 183rd District Court

Harris County, Texas



Trial Court Case No. 1197625

 



 

MEMORANDUM OPINION

          Appellant,
Raymond John Daniels, pleaded guilty, without an agreed recommendation on
punishment, to the first degree felony offense of aggravated assault on a
public servant.[1]  The trial court accepted appellant’s guilty
plea and assessed punishment at thirty years’ confinement.  The trial court certified that appellant had
the right to appeal, and appellant timely filed a notice of appeal.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw, along with an
Anders brief stating that the record
presents no reversible error and that, therefore, the appeal is frivolous.  See
Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  We affirm the judgment of the trial court and
grant counsel’s motion to withdraw.

          An
attorney has an ethical obligation to refuse to prosecute a frivolous
appeal.  In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id. at 407.  Counsel’s
obligation to the appellate court is to assure it, through an Anders brief, that, after a complete
review of the record, the request to withdraw is well-founded.  Id.

          We
may not grant the motion to withdraw until:

(1)            
the attorney has sent a copy of his Anders
brief to his client, along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review;

 

(2)            
the attorney has informed us that he has performed the above duties;

 

(3)            
the defendant has had time in which to file a pro se response; and

 

(4)            
we have reviewed the record, the Anders
brief, and any pro se brief.

 

See id. at
408–09.  If we agree that the appeal is
wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the judgment of the trial court.  See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude
that arguable grounds for appeal exist, we will grant the motion to withdraw,
abate the case, and remand it to the trial court to appoint new counsel to file
a brief on the merits.  See Bledsoe v. State, 178 S.W.3d 824,
826–27 (Tex. Crim. App. 2005).  We do not
rule on the ultimate merits of the issues raised by the appellant in his pro se
response.  Id. at 827.  “Only after the
issues have been briefed by new counsel may [we] address the merits of the issues
raised.”  Id.

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record.  See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App.
1978).  Counsel discusses the evidence,
supplies us with references to the record, and provides us with citation to
legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
grounds of error that warrant reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

          Appellant
filed a pro se response, arguing that (1) neither defense counsel nor the
district attorney believed that it was necessary for appellant to take a
“cognitive test,” despite knowing that he suffered from bipolar disorder,
(2) appellant may not have been competent or capable of making rational,
intelligent, or educated decisions due to his illness, (3) as a result of his
mental illness and injuries sustained during the commission of the offense, appellant
was “naturally paranoid” and could not have made a “competent or rational
decision” regarding a plea bargain, (4) defense counsel failed to “fulfill his
fiduciary duty” to appellant by not bringing appellant’s mental illness to the
trial court’s attention, and (5) appellant did not receive a “fair and just
punishment.”

          We
have independently reviewed the entire record, and we conclude that no
reversible error exists, that there are no arguable grounds for review, and
that, therefore, the appeal is frivolous. 
See Schulman, 252 S.W.3d at
407 n.12 (explaining that appeal is frivolous when it does not present any
argument that could “conceivably persuade the court”); Bledsoe, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is
wholly frivolous).  Although we may issue
an opinion explaining why the appeal lacks arguable merit, we are not required
to do so.  See Garner, 300 S.W.3d at 767. 
An appellant may challenge a holding that there are no arguable grounds
for appeal by filing a petition for discretionary review in the Court of
Criminal Appeals.  See Bledsoe, 178 S.W.3d at 827 & n.6.

          We
grant counsel’s motion to withdraw[2] and affirm the judgment of
the trial court.  Attorney Thomas J.
Lewis must immediately send the notice required by Texas Rule of Appellate
Procedure 6.5(c) and file a copy of that notice with the Clerk of this
Court.  See Tex. R. App. P.
6.5(c).  All other pending motions are
denied.

 

PER CURIAM

 

Panel
consists of Justices Keyes, Higley, and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          See Tex. Penal Code Ann.
§§ 22.02(a), (b)(2)(B) (Vernon Supp. 2010).





[2]
          Appointed counsel still has a
duty to inform appellant of the result of this appeal and that he may, on his
own, pursue discretionary review in the Court of Criminal Appeals.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); Stephens v. State, 35 S.W.3d 770, 771–72
(Tex. App.—Houston [1st Dist.] 2000, no pet.).